Luis Angel REYES, Plaintiff,

v.

Elias C. PENOCI, Defendant.

Civ. No. 72–61.

United States District Court
D. Puerto Rico,
San Juan Division.

March 8, 1962.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Harley A. Miller, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before the court on defendant's motion to dismiss in which it is alleged that this Court is without jurisdiction for lack of diversity.

In the complaint, the jurisdiction of this Court is invoked under the diversity provisions of Sec. 1332(a), Title 28 U.S.C.A.

At the hearing on the motion to dismiss it was shown by the defendant and conceded by the plaintiff that the defendant is not a citizen or subject of any foreign state, nor a citizen of state different from that of the plaintiff, i. e. he is stateless.

Therefore, this Court does not appear to have jurisdiction of this action under the provisions of Section 1332(a), Title 28, invoked by plaintiff, nor under Sec. 863, Title 48 U.S.C.A.

A stateless person, such as defendant Penoci has been conceded to be, is not a citizen or subject of a foreign state either within the meaning of 28 U.S.C.A. § 1332(a) (2), nor within the meaning of 48 U.S.C.A. § 863. See: Shoemaker v. Malaxa (2d Cir.), 241 F.2d 129; Blair Holdings Corporation v. Rubinstein (D.C.S.D.N.Y.) 133 F.Supp. 496.

The plaintiff has so conceded in his memorandum.

As this Court is without jurisdiction in this matter, it has no power whatsoever to grant the request by plaintiff in his brief that the dismissal of the action be ordered conditioned upon defendant's acceptance of service of Commonwealth Court process.

It is, therefore, ordered that defendant's motion be and is hereby granted, and that this action be, and hereby is dismissed for lack of jurisdiction.